# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————————

| | |
|---|---|
| **ARTEM STEPANOV** ) | |
|     10-72 Rabochaya Street ) | |
|     Solnechnogorsk ) | |
|     Moscow oblast 141503 ) | |
|     Russia ) | |
| ) | |
|           *Plaintiff,* ) | |
| ) | Case No. 23-cv-1884 |
|   v. ) | |
| ) | |
| **ANDREA M. GACKI, in her official capacity as** ) | **COMPLAINT FOR** |
| **Director of the United States** ) | **DECLARATORY AND** |
| **Department of the Treasury,** ) | **INJUNCTIVE RELIEF** |
| **Office of Foreign Assets Control** ) | |
|     1500 Pennsylvania Avenue, NW ) | |
|     Freedman's Bank Building ) | |
|     Washington, D.C. 20220 ) | |
| ) | |
|           *Defendant,* ) | |
| ) | |
|   and ) | |
| ) | |
| **THE UNITED STATES DEPARTMENT** ) | |
| **OF THE TREASURY, OFFICE OF FOREIGN** ) | |
| **ASSETS CONTROL** ) | |
|     1500 Pennsylvania Avenue, NW ) | |
|     Freedman's Bank Building ) | |
|     Washington, D.C. 20220 ) | |
| ) | |
|           *Defendant.* ) | |

—————————————————————————

     Plaintiff Artem Stepanov brings this Complaint for Declaratory and Injunctive Relief against Defendants the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") and its Director, Andrea M. Gacki, and in support of its complaint alleges the following:

## NATURE OF THE CASE

1.      This Complaint arises from OFAC's continued and unlawful failure to adjudicate Plaintiff's petition for the rescission of his designations under Executive Orders ("E.O.s") 13661, 13694, and 13848, and the removal of his name from OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List").

2.      On April 15, 2021, OFAC designated Plaintiff under E.O.s 13661, 13694, and 13848 and included his name on the SDN List. *See* Press Release, U.S. Dep't of the Treasury, Treasury Escalates Sanctions Against the Russian Government's Attempts to Influence U.S. Elections (Apr. 15, 2021); Notice of OFAC Sanctions Actions, 86 Fed. Reg. 20,595 (Apr. 20, 2021).

3.      On April 25, 2022, Plaintiff filed a petition for removal with the Defendants seeking the rescission of his designations and the removal of his name from the SDN List. In that petition, Plaintiff made three separate arguments in support of his delisting request. First, Plaintiff argued that the factual basis for his designations is in error. Second, Plaintiff asserted a change in circumstances such that the circumstances which gave rise to his designations no longer apply. Finally, Plaintiff proposed several remedial measures which, if adopted, would negate the basis for his designations.

4.      Since that time, Defendants have failed to adjudicate Plaintiff's petition for removal and have not otherwise sought any additional, clarifying, or corroborating information in connection with its review of Plaintiff's request—in contravention of the Defendants' own policies and past practices. Indeed, it has been over two years since Plaintiff was designated, and over 14 months since Plaintiff petitioned Defendants for his delisting, and the Defendants have failed to

engage with Plaintiff in connection with his petition for removal, despite repeated attempts by Plaintiff to engage with Defendants on that matter.

5.      By designating Plaintiff—and failing to timely adjudicate Plaintiff's petition for removal—Defendants have caused severe harm to Plaintiff and his commercial, financial, and reputational interests. Defendants have likewise failed to mitigate Plaintiff's ongoing harm by unreasonably delaying the adjudication of Plaintiff's petition for removal.

6.      Plaintiff therefore seeks this Court's intervention to enjoin Defendants from their unlawful maintenance of Plaintiff's designation and refusal to process his petition for removal, or to compel Defendants to issue a determination as to Plaintiff's pending petition.

## JURISDICTION AND VENUE

7.      This action arises under the International Emergency Economic Powers Act, 50 U.S.C. § 1701 *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

8.      This Court may grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Fed. R. Civ. P. Rule 57. This Court may grant injunctive relief in accordance with Fed. R. Civ. P. Rule 65.

9.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. §§ 1391(b) and (e), as the Defendants reside in this District.

## THE PARTIES

10.      Plaintiff is a Russian national and is and was at all times relevant herein resident at 10-72 Rabochaya Street, Solnechnogorsk, Moscow oblast 141503, Russia.

11.     On April 15, 2021, Plaintiff was designated under E.O.s 13661, 13694, and 13848, and his name was added to the SDN List.

12.     Defendant OFAC is a federal administrative agency of the United States Department of the Treasury, located at 1500 Pennsylvania Ave., NW, Freedman's Bank Building, Washington D.C. 20220. Defendant OFAC is responsible for maintaining and administering the SDN List. This includes by placing persons on and removing persons from the SDN List consistent with E.O.s 13661, 13694, and 13848 and the implementing regulations located at 31 C.F.R. Parts 501, 589, 578, and 579, the "Reporting, Procedures and Penalties Regulations," the "Ukraine-/Russia-Related Sanctions Regulations," "Cyber-Related Sanctions Regulations," and "Foreign Interference in U.S. Elections Sanctions Regulations," respectively. Defendant OFAC was responsible for designating Plaintiff under E.O.s 13661, 13694, and 13848 and adding his name to the SDN List.

13.     Defendant Andrea M. Gacki is the Director of OFAC. In this role, Defendant Gacki is responsible for overseeing and directing OFAC's operations, including the adjudication of delisting requests. Defendant Gacki is sued in her official capacity.

## FACTUAL ALLEGATIONS

**A.     OFAC Designated Plaintiff Under Executive Orders 13661, 13694, and 13848**

14.     The President invoked the authority of the International Emergency Economic Powers Act ("IEEPA") to issue E.O.s 13661, 13694, and 13848, "Blocking Property of Additional Persons Contributing to the Situation in Ukraine," "Blocking the Property of Certain Persons Engaging in Significant Malicious Cyber-Enabled Activities," and "Imposing Certain Sanctions in the Event of Foreign Interference in a United States Election."

15.     E.O.s 13661, 13694, and 13848 authorize the Secretary of the Treasury to designate and impose blocking sanctions on persons determined, in consultation with the heads of other federal agencies, to meet the criteria for designation enumerated therein.

16.     E.O. 13661, in relevant part, authorizes the Secretary of the Treasury to impose blocking sanctions on persons determined "to be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly … a person whose property and interests in property are blocked pursuant to [E.O. 13661]." *See* Exec. Order No. 13661, § 1(a)(ii)(C) (Mar. 16, 2014). Further, E.O. 13661 authorizes sanctions on persons determined "to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of … any person whose property and interests in property are blocked pursuant to [E.O. 13661]." Exec. Order No. 13661, §1(a)(ii)(D). Persons who are designated pursuant to E.O. 13661 are subject to blocking sanctions and their names are added to OFAC's SDN List. *See* 31 C.F.R. § 589.201, Note 2.

17.     E.O. 13694, in relevant part, authorizes the Secretary of the Treasury to impose blocking sanctions on persons determined "to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services in support of ... any person whose property and interests in property are blocked pursuant to [E.O. 13694]." *See* Exec. Order No. 13694, as amended, § 1(a)(ii)(B) (Apr. 1, 2015). Further, E.O. 13694 authorizes sanctions targeting persons determined "to be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to [E.O. 13694]." Exec. Order No. 13694, as amended, § 1(a)(ii)(C). Persons who are designated pursuant to E.O. 13694 are subject to blocking sanctions and their names are added to OFAC's SDN List. *See* 31 C.F.R. § 578.201, Note 1.

18.     E.O. 13848, in relevant part, authorizes the Secretary of the Treasury to impose blocking sanctions on persons determined "to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of ... any person whose property or interests in property are blocked pursuant to [E.O. 13848]." *See* Exec. Order No. 13848, § 2(a)(ii) (Sept. 12, 2018). Further, E.O. 13848 authorizes sanctions to be imposed on persons determined "to be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly, any person whose property or interests in property are blocked pursuant to [E.O. 13848]." Exec. Order No. 13848, § 2(a)(iii). Persons who are designated pursuant to E.O. 13848 are subject to blocking sanctions and their names are added to OFAC's SDN List. *See* 31 C.F.R. § 579.201, Note 1.

19.     On April 15, 2021, Defendant OFAC designated Plaintiff under E.O.s 13661, 13694, and 13848 and included his name on the SDN List. As a result, all property in which Plaintiff has an interest that is or comes within the United States or the possession or control of a United States person is blocked and cannot be transferred, paid, exported, withdrawn, managed, or otherwise dealt in. *See* Exec. Order No. 13661, § 1 (Mar. 16, 2014); Exec. Order No. 13694, as amended, § 1 (Apr. 1, 2015); Exec. Order No. 13848, § 2 (Sept. 14, 2018). Further, United States persons are generally prohibited from engaging in any dealings with Plaintiff.

20.     Defendants have provided two inconsistent determinations justifying Plaintiff's designation. Specifically, the Federal Register states that Plaintiff was designated "for having materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of, Yevgeniy Viktorovich Prigozhin," a person designated under E.O.s 13661, 13694, and 13848. Notice of OFAC Sanctions Actions, 86 Fed. Reg. 20,596 (Apr. 20, 2021). On the other hand, Defendant OFAC's press release announcing Plaintiff's designation

states that Plaintiff was designated "for acting on behalf of Yunidzhet"—a Russian company alleged to have acted as a covert procurement agent for Prigozhin to obtain aircraft related parts and maintenance—due to his being the Deputy General Director of OOO Yunidzhet ("Yunidzhet"). Press Release, U.S. Dep't of the Treasury, Treasury Escalates Sanctions Against the Russian Government's Attempts to Influence U.S. Elections (Apr. 15, 2021). Notably, OFAC alleged that Yunidzhet provided management services to a previously identified and blocked aircraft, M-SAAN. *Id.*

21.     The factual allegations in Defendant OFAC's press release constitute the sum of the allegations disclosed to Plaintiff, as OFAC has not disclosed any portion of the administrative record containing its factual findings, conclusions, and determinations in support of its decision to designate Plaintiff under E.O.s 3661, 13694, and 13848.

22.     Notably, Plaintiff also requested the administrative record underlying his designations over 19 months ago, on November 16, 2021. Defendant OFAC confirmed receipt of Plaintiff's request for the administrative record that same day, and assigned the request under three separate cases, Case IDs: UKRAINE-EO13661-24161, CYBER2-24162, and ELECTION-EO13848-24163.

23.     On November 23, 2021, Defendant OFAC informed Plaintiff that the bases for his designations are included within a single evidentiary memorandum, reassigned Plaintiff's request for the administrative record Case ID: ELECTION-EO13848-24163, and closed UKRAINE-EO13661-24161 and CYBER2-24162.

24.     Defendant OFAC has since failed to disclose the administrative record to Plaintiff, or otherwise update Plaintiff as to when he can expect the disclosure of that record.

**B.     Plaintiff's Petition for Removal**

25.     Defendant OFAC has promulgated and administers regulations and procedures by which persons blocked pursuant to its regulations and identified on the SDN List may seek their removal from the SDN List. *See* 31 C.F.R. § 501.807, Procedures Governing Delisting from the Specially Designated Nationals and Blocked Persons List. Those procedures allow an interested party to: (i) request reconsideration due to an insufficient legal or factual basis for the designation; (ii) assert that the circumstances resulting in the designation no longer apply; and/or (iii) propose remedial measures, such as corporate reorganization, intended to negate the basis of the designation. *Id.*

26.     Defendant OFAC has also provided guidance concerning removal from the SDN List. U.S. Dep't of the Treasury, Filing a Petition for Removal from an OFAC List, available at https://home.treasury.gov/policy-issues/financial-sanctions/specially-designated-nationals-list-sdn-list/filing-a-petition-for-removal-from-an-ofac-list/. This guidance states that "the ultimate goal of sanctions is not to punish, but to bring about a positive change in behavior." *Id*. The guidance also offers examples of situations in which a delisting might be warranted, including "a positive change in behavior" or when "the basis of designation no longer exists." *Id.*

27.     The guidance explicitly states that "[i]f OFAC requires additional information or clarification from the petitioner in order to evaluate the delisting request, it will send the petitioner one or more questionnaires. If needed, OFAC typically endeavors to send the first questionnaire within 90 days from the date the petition is received by OFAC." *Id.*

28.     On April 25, 2022, Plaintiff submitted a petition for removal pursuant to OFAC's procedures governing delisting from the SDN List. *See* 31 C.F.R. § 501.807. That submission provided information and supporting documentation evidencing that—notwithstanding the unclear

basis for Plaintiff's designations under E.O.s 13661, 13694, and 13848—there is an insufficient basis for Plaintiff's designations and, alternatively, a change in the circumstances underlying Plaintiff's designations such that the basis for his designations is negated.

29.     Specifically, Plaintiff stated in his petition that his only interaction with Prigozhin occurred a decade ago in 2013 prior to the existence of E.O.s 13661, 13694, and 13848 and ended after a 30-minute general consultation about flight services and Plaintiff's experience as a pilot. This meeting did not progress into any kind of relationship, business or otherwise. Accordingly, Plaintiff argued that such a meeting is insufficient to determine that Plaintiff provided support or services to Prigozhin, as Prigozhin was neither designated at the time of the meeting nor at risk of being designated at that time, given that the relevant executive orders did not exist.

30.     Further, Plaintiff stated in his petition that he ceased his role as Deputy General Director of Yunidzhet on November 5, 2020, and completely severed his ties with Yunidzhet when he divested from the company on October 1, 2021. Plaintiff also noted that even while he was still an owner and officer of the company, Yunidzhet had immediately terminated its relationship with an OFAC designated entity and aircraft upon learning of their designations in 2019. Accordingly, Plaintiff asserted that the circumstances under which OFAC designated him have changed such that the circumstances which led to his designations no longer apply and thus warrant the rescission of his designations and the removal of his name from the SDN List.

31.     Finally, Plaintiff alternatively proposed in his petition several remedial measures which, if adopted, would negate the basis for his designations and warrant the rescission of his designations and the removal of his name from the SDN List.

32.     On April 26, 2022, OFAC confirmed receipt of Plaintiff's petition for removal and assigned Plaintiff's delisting matter Case ID: ELECTION-EO13848-26595.

33.     On February 11, 2023, undersigned counsel emailed Defendants correspondence on behalf of Plaintiff, requesting the status of the case as it had been over 10 months since Plaintiff submitted the petition of removal, and OFAC had not issued any questionnaire or follow-up communications aside from acknowledging receipt. That status update request also requested either a meeting between undersigned counsel and OFAC to discuss Plaintiff's petition or an explanation as to what is delaying the adjudication of the petition.

34.     Defendants confirmed receipt of the email on February 11, 2023, stating that they "will look into this and get back to [undersigned counsel] with an update," but did not provide an explanation for their delay, or any estimated time frame for adjudication.

35.     Defendants again emailed Plaintiff on March 2, 2023, confirming receipt of Plaintiff's correspondences dated February 11, 2023 and the existence and pendency of the April 25, 2022 petition. Specifically, Defendants stated that Plaintiff's "request for reconsideration is currently under review. OFAC is aware that Mr. Stepanov's case is 10 months old and we are working diligently to reach a decision concerning Mr. Stepanov's case. Your continued patience is greatly appreciated."

36.     Despite these circumstances, Defendants have failed to provide any further insight as to a timeline for its adjudication of the petition, issuance of a questionnaire—to the extent one is needed—in accordance with the agency's own guidance (i.e., within 90 days from receipt of a petition for removal), and/or justification for the continued delay. Indeed, Defendants have had the petition before them for well over a year and have failed to issue a decision or substantively engage with Plaintiff on the matter.

### C.      Harm Suffered by Plaintiff

37.      Defendants' designation of Plaintiff—and Defendants' unreasonable delay in adjudicating Plaintiff's petition for removal—has had severe consequences on Plaintiff and his commercial, financial, and reputational interests.

38.      Specifically, banks have refused to provide services to Plaintiff, and Plaintiff's requests for loans and mortgages have likewise been denied. Plaintiff has also faced great difficulty in finding jobs to support himself and his family. Indeed, Plaintiff has been denied by companies to service their commercial aircraft due to his designations, as well as by training centers to receive the requisite training needed to maintain his pilot's license. Further, numerous individuals have refused to even communicate with Plaintiff due to the sanctions that the Defendants imposed on him, and continue to impose on him by unreasonably delaying the adjudication of Plaintiff's petition for removal.

39.      Plaintiff's ongoing suffering is a direct result first of the actions taken by Defendants, and now by Defendants' unlawful inaction.

### CAUSE OF ACTION

### COUNT I

DEFENDANTS' FAILURE TO RENDER A DECISION ON PLAINTIFF'S PETITION FOR REMOVAL CONSTITUTES UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT

40.      Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations in all preceding paragraphs.

41.      The Administrative Procedure Act ("APA") requires agencies to "conclude a matter presented to it . . . [w]ith due regard for the convenience and necessity of the parties or their representatives within a reasonable time." 5 U.S.C. § 555(b).

42.     Under the APA, reviewing courts are required to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

43.     Defendants' failure to render a decision on Plaintiff's April 25, 2022 petition for removal constitutes unreasonable delay under the APA. Plaintiff will continue to suffer the consequences of his designation so long as Defendants persist in refusing to render a final decision in Case ID: ELECTION-EO13848-26595.

<u>**RELIEF REQUESTED**</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Order Defendants to issue a written, reasoned decision on Plaintiff's request for removal in Case ID: ELECTION-EO13848-26595, which has been pending since April 25, 2022;

B.     Grant an award to Plaintiff's costs and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 *et* seq., and any other applicable provision of law; and

C.     Grant such other and further relief as the Court may deem just and proper.


Dated: June 29, 2023

Respectfully submitted,

<u>/s/ Erich C. Ferrari, Esq.</u>
Erich C. Ferrari, Esq.
Ferrari & Associates
655 15th St., NW
Suite 420
Washington, D.C. 20005
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com

D.C. Bar No. 978253

*Attorney for Plaintiff*